**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-3755-cr(L); 14-4396-cr(Con)

**Caption [use short title]**

**Motion for:** Severance

**Set forth below precise, complete statement of relief sought:**

An order severing Appellant Gilberto Valle's appeal (No. 14-4396-cr) from the appeal of Appellant Richard Meltz (No. 14-3755-cr). Both the government and counsel for Mr. Meltz have advised me that they do not oppose this request.

**US v. VALLE**

**MOVING PARTY:** GILBERTO VALLE
☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**OPPOSING PARTY:** UNITED STATES OF AMERICA

**MOVING ATTORNEY:** EDWARD S. ZAS
**OPPOSING ATTORNEY:** MICHAEL LEVY, ESQ.
[name of attorney, with firm, address, phone number and e-mail]

Federal Defenders of New York, Inc., Appeals Bureau
52 Duane Street, 10th Floor
New York, New York 10007
(212) 417-8742   edward.zas@fd.org

Assistant United States Attorney, Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2346

**Court-Judge/Agency appealed from:** GARDEPHE, J., U.S.D.J./S.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

Is oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No   If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☐ Yes   ☐ No
Has this relief been previously sought in this Court?   ☐ Yes   ☐ No
Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**
/S/   **Date:** 12/19/2014   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED   DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____   By: _____

Form T-1080 (rev. 7-12)

United States Court of Appeals
For the Second Circuit
----------------------------------------------------X
United States of America,　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　Docket Nos. 14-3755-cr(L);
　　　　　　　　　Appellee,　　　　　:　　14-4396-cr(Con)
　　　- v -
　　　　　　　　　　　　　　　　　　　　:　　**Declaration**
Gilberto Valle,
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendant-Appellant.
----------------------------------------------------X

**Edward S. Zas** declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney with the Federal Defenders of New York, Inc., counsel to Appellant Gilberto Valle. I make this declaration in support of Mr. Valle's motion for an order severing his appeal (No. 14-4396-cr) from the appeal of Appellant Richard Meltz (No. 14-3755-cr). Both the government and counsel for Mr. Meltz have advised me that they do not oppose this request.

2. Mr. Valle appeals from a final judgment entered in the United States District Court for the Southern District of New York (Hon. Paul G. Gardephe) on November 14, 2014. The judgment convicted Mr. Valle, after a jury trial, of a single count of improperly accessing a computer and thereby obtaining information from a department or agency of the United States, a misdemeanor, in violation of 18 U.S.C. § 1030(a)(2)(B). Mr. Valle was sentenced principally to one year of imprisonment and one year of supervised release. The Court has not yet set a briefing schedule for his appeal.

3. Mr. Meltz appeals from a final judgment entered by Judge Gardephe, following a guilty plea, on September 25, 2014. The judgment convicted Mr. Meltz of two counts of conspiracy to commit kidnapping. As with Mr. Valle's case, no briefing schedule has issued for Meltz's appeal.

4. The Clerk's Office consolidated these appeals, apparently because both Meltz and Valle were prosecuted in the district court under the same docket number. But this consolidation should be undone. Though Mr. Valle and Mr. Meltz were both prosecuted before Judge Gardephe under the same docket number, they were charged in separate indictments with separate crimes, their cases proceeded separately, the prosecutions rested on distinct facts and evidence, and the cases raise wholly unrelated issues on appeal. The interests of judicial economy are thus not served by consolidation. Under these circumstances, Mr. Valle submits that the two appeals should be severed.

5. Mr. Valle was charged in Indictment No. 12 Cr. 847 with two counts: conspiracy to commit kidnapping (Count One) and illegally accessing a computer (Count Two). The only other defendant charged in Mr. Valle's Indictment was Michael Vanhise. Mr. Meltz was neither charged in Mr. Valle's Indictment nor mentioned in it.

6. Mr. Meltz was named as a defendant, along with Michale Vanhise and Robert Christopher Asch, in four superseding indictments ("S1" "S2," "S3," and "S4" of Docket No. 12-Cr.-847 (PGG)), and ultimately waived indictment and pled guilty to a Superseding Information charging him with two counts of conspiracy to kidnap,

2

S5 12-Cr.-847 (PGG). None of these charging instruments made any mention of Mr. Valle. Nor was Mr. Valle ever accused of any of the crimes charged against Mr. Meltz and his co-defendants. (Though both Valle and Meltz were each accused, in separate indictments, of conspiring to kidnap people, the government alleged that the men were involved in different conspiracies, at different times, with different coconspirators and different intended victims.)

7. Mr. Valle was tried alone before a jury in February–March 2013, and found guilty of both counts of the Indictment. But the district court granted Mr. Valle's post-trial motion for a judgment of acquittal on the conspiracy count and left in place only the conviction on the misdemeanor computer misconduct charge. The government has appealed the district court's post-trial ruling (No. 14-2710-cr).

8. After Mr. Valle's trial, Mr. Meltz pled guilty to two kidnapping conspiracy counts on January 16, 2014. His co-defendants, Michael Vanhise and Robert Christopher Asch, went to trial in February–March 2014, and were convicted on all counts, which, again, had nothing to do with Mr. Valle.

9. Valle and Meltz were also sentenced separately, without regard to each other's cases. Mr. Meltz received a total sentence of ten years of imprisonment, the statutory maximum term for his crimes. He is currently imprisoned. Mr. Valle, for his misdemeanor offense, received a sentence of 12 months of imprisonment and a one-year term of supervised release. He completed his prison term in July 2014 and is now serving his term of supervision.

10. The issues on these appeals are also distinct, both factually and legally. Mr. Meltz will presumably challenge the reasonableness of his sentence and, potentially, the validity of his guilty plea. But Mr. Valle intends to raise only one, entirely unrelated issue on appeal: whether the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a), properly construed, covers the type of computer misconduct of which he was accused. That issue—a pure issue of law—does not overlap with the factual or legal issues presented by Mr. Meltz's appeal.

11. I have consulted with Peter Brill, Esq., who is counsel for Mr. Meltz, and with Michael Levy, Esq., one of the Assistant United States Attorneys representing the United States on these appeals. Both Mr. Brill and Mr. Levy have authorized me to advise the Court that they do not oppose this motion for severance. The government has also asked me to note its request that, if severance is granted, the Court should treat the government's pending motion to stay the briefing of these now-consolidated appeals (filed on December 9, 2014, under docket no. 14-4396-cr) as applicable to Valle's appeal only, and that the stay motion be deemed withdrawn in Meltz's appeal.

12. In sum, given the unrelated nature of Mr. Valle's and Mr. Meltz's prosecutions, the different procedural histories of their cases, and the distinct issues presented by their appeals, the interests of judicial economy are not served by the consolidation of the two cases. On the contrary, the continued consolidation of the cases is likely to cause unnecessary delay, confusion of the issues, and potential prejudice to Mr. Valle, Mr. Meltz, or both. The appeals should thus be severed and allowed to proceed independently.

4

**WHEREFORE**, Mr. Valle respectfully requests that the Court enter an order severing his appeal from the appeal of Mr. Meltz.

I declare under penalty of perjury, 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
December 19, 2014

/s/ _____
Edward S. Zas

5